IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02264-BNB

TYE J. SMITH,

      Applicant,

v.

JOHN DAVIS, Warden,
COLORADO STATE ATTORNEY GENERAL,
BARACK OBAMA, President of the United States, and
SOLICITOR GENERAL OF THE UNITED STATES,

      Respondents.

---

ORDER OVERRULING OBJECTIONS AND DENYING
MOTIONS FOR INJUNCTIVE RELIEF

---

Applicant, Tye J. Smith, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) who is incarcerated at the correctional facility in Buena Vista,

Colorado.  He submitted *pro se* documents titled Habeas Corpus Notice of Appeal

(ECF Nos. 1 and 3) and Prisoners Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF Nos. 1 and 4) in the United States

District Court for the District of Columbia (District of Columbia).  On July 30, 2013, the

District of Columbia transferred the action to this Court.  The action was docketed here

on August 22, 2013.

On August 23, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Smith to cure

certain deficiencies in the case.  He directed Mr. Smith within thirty days either to pay

the $5.00 filing fee for a habeas corpus action or to file an amended Prisoner's Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus

Action on the Court-approved form together with a certificate showing the current

balance in his prison account.  The August 23 order also directed Mr. Smith to submit

within thirty days an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2254 on the Court-approved form.  The order warned Mr. Smith that if he failed to cure

the designated deficiencies within the time allowed, the action would be dismissed

without further notice.

Instead of curing the designated deficiencies, Mr. Smith on September 5, 2013,

filed objections (ECF No. 13) to the August 23 order to cure, the transfer of this case

from the District of Columbia to this Court, and the fact that the Court had not yet ruled

on his pending motion for summary judgment (ECF No. 7), among other things.  The

Court will address Mr. Smith's objection to the August 23 order to cure.

The Court must construe liberally the September 5 objection because Mr. Smith

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter

designated to a magistrate judge to hear and determine where it has been shown that

the magistrate judge's order is clearly erroneous or contrary to law.  The Court has

reviewed the file and finds that Magistrate Judge Boland's August 23 order is not clearly

erroneous or contrary to law.  Therefore, the objection will be overruled.

This matter also is before the Court on the motions titled Request for Immediate

Injunction to Halt Retalatory [sic] Torture (ECF No. 14) filed on September 12, 2013,

and Request for Emergency Injunction in Re: 13-cv-02264-BNB (ECF No. 15) filed on

September 25, 2013.  In ECF No. 14, Mr. Smith complains that Defendants have

renewed some but not all of his medications for long-term health issues and have

informed him that he has to purchase his own pain medications.  In ECF No. 15, he

again complains about the transfer of this action from the District of Columbia to this

Court, the August 23 cure order, not receiving all of his medications, and  the fact that

this Court has not ruled on his pending motions for summary judgment (ECF No. 7) and

for change of jurisdiction and/or venue (ECF No. 12).  He requests his removal from

state and federal custody "by placing [me] in a location under their authority and control

and/or aiding applicant in gaining political asylum in the country of his choice," among

other non-emergency relief.  ECF No. 15 at 2.

The Court construes liberally Mr. Smith's motions for injunctive relief due to his

*pro se* status, but will not act as his advocate.  The motions for injunctive relief will be

denied for the reasons stated below.

A party seeking a preliminary injunction must show a substantial likelihood of

prevailing on the merits, that he will suffer irreparable injury unless the injunction issues,

that the threatened injury outweighs whatever damage the proposed injunction may

cause the opposing party, and that the injunction, if issued, would not be adverse to the

public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a

party seeking a temporary restraining order must demonstrate clearly, with specific

factual allegations, that immediate and irreparable injury will result unless a temporary

restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action--a mandatory preliminary injunction--before a trial on the merits occurs." *Id.* Because Mr. Smith is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Smith's allegations do not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motions for injunctive relief will be denied.

Accordingly, it is

ORDERED that the document titled "Objections" (ECF No. 13) filed *pro se* on September 5, 2013, by Applicant, Tye J. Smith, and which the Court has construed liberally as an objection pursuant to 28 U.S.C. § 636(b)(1)(A), is overruled. It is

FURTHER ORDERED that Mr. Smith will be allowed **twenty (20) days from the date of this order** in which to comply with the order of August 23, 2013 (ECF No. 8). Failure to do so within the time allowed may result in the dismissal of the instant action. P. 24. The Court will only address future filings that cure the designated deficiencies. It is

FURTHER ORDERED that the motions titled "Request for Immediate Injunction

to Halt Retalatory [sic] Torture" (ECF No. 14) filed on September 12, 2013, and

"Request for Emergency Injunction in Re: 13-cv-02264-BNB" (ECF No. 15) filed on

September 25, 2013, are denied.

DATED at Denver, Colorado, this   25th   day of ____November____, 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court