IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02264-BNB

TYE J. SMITH,

      Applicant,

v.

JOHN DAVIS, Warden,
COLORADO STATE ATTORNEY GENERAL,
BARACK OBAMA, President of the United States, and
SOLICITOR GENERAL OF THE UNITED STATES,

      Respondents.

---

ORDER OF DISMISSAL

---

      Applicant, Tye J. Smith, is a prisoner in the custody of the Colorado Department

of Corrections who currently is incarcerated at the correctional facility in Buena Vista,

Colorado.  He submitted *pro se* documents titled "Habeas Corpus Notice of Appeal"

(ECF Nos. 1 and 3) and "Prisoners Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF Nos. 1 and 4) in the United States

District Court for the District of Columbia (District of Columbia), which on July 24, 2013,

transferred the action to this Court.

      Magistrate Judge Boyd N. Boland determined that the submitted documents

were deficient and on August 23, 2013, entered an order (ECF No. 8) directing Mr.

Smith to cure certain deficiencies if he wished to pursue his claims in this Court in this

action.  The August 23 order directed Mr. Smith to file within thirty days a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas

Corpus Action on the Court-approved form together with a certificate of the warden showing the current balance in his inmate trust fund account.  Alternatively, the August 23 order directed Mr. Smith to pay the $5.00 filing fee for a habeas corpus action.

The August 23 order also directed Mr. Smith to file within thirty days an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form and to name the proper Respondents in a habeas corpus action.  The August 23 order noted that neither President Barack Obama nor the Solicitor General of the United States was a proper respondent.  The only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

The August 23 order directed Mr. Smith to obtain with the assistance of his case manager or the facility's legal assistant the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, along with the applicable instructions, at www.cod.uscourts.gov, and to use those forms in curing the designated deficiencies.  The August 23 order warned Mr. Smith that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

Instead of curing the designated deficiencies, Mr. Smith on September 5, 2013, filed objections (ECF No. 13) to the August 23 order to cure, the transfer of this case from the District of Columbia to this Court, and the fact that the Court had not yet ruled on his pending motion for summary judgment (ECF No. 7), among other objections.  On November 25, 2013, the Court entered an order (ECF No. 17) overruling Mr. Smith's

objections and denying his two motions for injunctive relief.  The November 25 order

allowed Mr. Smith an additional twenty days in which to comply with the August 23

order, and warned him that failure to do so within the time allowed would result in the

dismissal of the instant action.

Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court

require litigants to the Court-approved forms found on the Court's website.  The United

States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that

*pro se* litigants comply with local court rules requiring use of proper Court-approved

forms, and rejected constitutional challenges to such rules.  *See Georgacarakos v.*

*Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its

discretion in dismissing civil rights action without prejudice for federal prisoner's

noncompliance with local rules requiring use of proper court-approved form to file

complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330,

332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's

complaint for failure to comply with local rules requiring *pro se* litigants to use

court-approved forms, and local rule did not violate prisoner's equal protection rights);

*Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it

was within district court's discretion to dismiss complaint for failure to use proper court

form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court

order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his

ability to refile, based on his repeated refusal to comply with district court order directing

him to file amended complaint on court-approved prisoner complaint form as required

by local district court rule, was not abuse of discretion or constitutional violation); *Maunz*

3

*v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not

abuse its discretion in dismissing inmate's federal action where inmate failed to file

habeas corpus application on proper form designated by district court); *Daily v.*

*Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's

failure to comply with local rule requiring *pro se* prisoners to use court's forms to file

action was not nonwillful, and inmate's failure to use required form supported dismissal

of action).

Mr. Smith has failed within the time allowed to comply with the directives of the

August 23 order and cure the designated deficiencies or otherwise to communicate with

the Court in any way.  Therefore, the action will be dismissed without prejudice for Mr.

Smith's failure to cure the designated deficiencies as directed within the time allowed,

and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Smith files a notice of appeal he also must pay the full $505.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the documents titled "Habeas Corpus Notice of Appeal" (ECF

Nos. 1 and 3) are denied and the action is dismissed without prejudice pursuant to Rule

41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Tye J. Smith,

within the time allowed to cure the deficiencies designated in the order to cure of August

23, 2013, and for his failure to prosecute.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __16th__ day of ___January___, 2014.

BY THE COURT:


     s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court